UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEFFREY PAUL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.  2:13-cv-17-JMS-WGH |
| | ) | |
| BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I. The Plaintiff is Directed to Pay the Filing Fee**

The plaintiff shall have **through May 31, 2013,** in which to either pay the $350.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on January 14, 2013.

**II. The Complaint is Dismissed**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074,

1084 (7th Cir. 2008)). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008).

Paul's vague allegations of patent, copyright, and equal protection violations do not show that he has a claim upon which relief may be granted. He has not shown that he has a right to relief against any of the named defendants. Much of his complaint is unintelligible and must be dismissed for that reason also. *See Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)("dismissal of a complaint on the ground that it is unintelligible is unexceptionable").

Any claim asserted on behalf of Clearsystems and Ford Motor, Co., must be dismissed. First, there is no indication that Clearsystems or Ford Motor, Co. consented to being named as plaintiffs in this action. Even if they had, Paul, a *pro se* litigant, does not have the authority to represent them. *See Navin v. Park Ridge Sch. Dist.,* 270 F.3d 1147, 1149 (7th Cir. 2001) (stating that *pro se* litigant lacks authority to represent interests of other parties, even if other party is *pro se* litigant's son).

To the extent that Paul argues that he was unlawfully convicted, he could not prevail on this allegation without achieving a judicial declaration that his custody is unlawful and that the conviction which is the basis for his custody is invalid. Habeas is the exclusive remedy available to federal prisoners whose claims would have at least a "probabilistic impact" upon the duration of their custody. *See Bourke v. Hawk-Sawyer,* 269 F.3d 1072, 1074 (D.C.Cir. 2001); *see also Abella v. Rubino,* 63 F.3d 1063, 1066 (11th Cir. 1995) ("[D]eclaratory or injunctive relief claims which are in the nature of habeas corpus claims--i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release--are simply not cognizable under ' 1983. This rule applies equally to *Bivens* actions."). Paul's civil rights complaint cannot be converted by

judicial fiat into an action for a writ of habeas corpus. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir. 1996).

Because Paul's complaint fails to state a claim upon which relief can be granted, it is dismissed.

### III.  An Amended Complaint May Be Filed

The dismissal of the complaint will not in this instance result in the dismissal of the action. *Benjamin v. United States,* 833 F.2d 669, 671 (7th Cir. 1987). Instead, the plaintiff shall have **through May 31, 2013,** in which to **file an amended complaint in his own name only.**

If an amended complaint is filed, it shall conform to the following guidelines:

!   The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

!   The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

!   The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

In addition, the plaintiff is **notified** that the amended complaint must conform to and not transgress Rules 18 and 20(a), such that the amended complaint shall Anot name more than one defendant . . . unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact.@ *Garcia v. Munoz,* 2008 WL 2064476, at *3 (D.N.J. 2008). Simply stated, AUnrelated claims against different defendants belong in different suits. . . .@ *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). A complaint or amended complaint violative of this principle will be Arejected.@

## IV.  Further Proceedings

If no amended complaint is filed as permitted in Part III of this Entry, the action will be dismissed consistent with the dismissal of the complaint in Part II.  If an amended complaint is filed as permitted in Part II of this Entry, that pleading will be Ascreened@ as required by 28 U.S.C. ' 1915A(b) and an appropriate order will issue following the completion of that step.

**IT IS SO ORDERED.**

Date: _____05/07/2013_____

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFERY PAUL
10517-042
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808